JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANTHONY COLORUNO

**DEFENDANTS**
NORTHLAND GROUP, INC
7831 Glenroy Rd.
Edina, MN 55439

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Fred E. Davis, Esq.         Phone: (855) 432-8475
500 Office Ctr. Dr., Ste. 400
Fort Washington, PA 19034

Attorneys *(If Known)*
Michael A. Hynum & Hynum Law, P.C.
2608 N. 3rd St. Harrisburg, PA 17110
Phone: (717) 774-1357

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
    Plaintiff

☒ 3   Federal Question
    *(U.S. Government Not a Party)*

☐ 2   U.S. Government
    Defendant

☐ 4   Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
   Proceeding
☒ 2 Removed from
   State Court
☐ 3 Remanded from
   Appellate Court
☐ 4 Reinstated or
   Reopened
☐ 5 Transferred from
   Another District
   *(specify)*
☐ 6 Multidistrict
   Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692, et. seq., Fair Debt Collection Practices Act, or FDCPA
Brief description of cause:
Plaintiff alleges Defendant sent him a letter that violated the FDCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE   4/8/16
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

JS 44 Reverse  (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint. Class Action.** Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ANTHONY COLORUNO | : | CIVIL ACTION |
| v. | : | |
| NORTHLAND GROUP, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( x )

| April 8, 2016 | Michael A. Hynum, Esquire | Northland Group, Inc. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (717) 774-1357 | (717)  774-0788 | mhynum@hynumpc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)         The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)         In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)         The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)         Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)         Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 5812 Jackson St., Philadelphia, PA 19135

Address of Defendant: 7831 Glenroy Road, Suite 250, Edina, MN 55439

Place of Accident, Incident or Transaction: Allegedly Plaintiff's address

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) Plaintiff alleges violation of the FDCPA

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Michael A. Hynum, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;   N/A

☐ Relief other than monetary damages is sought.   N/A

DATE: 04/08/16   _____ Attorney-at-Law   85692 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/08/16   _____ Attorney-at-Law   85692 Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **ANTHONY COLORUNO**<br>**5812 Jackson St.**<br>**Phila, PA 19135**<br>               **Plaintiff** | : <br> : <br> : <br> : <br> : <br> : | **CIVIL ACTION**<br><br>**NO.** |
|      **v.** | : <br> : | |
| **CAVALRY SPV I, LLC**<br>**500 Summit Lake Dr., Suite 400**<br>**Valhall, NY  10595** | : <br> : <br> : <br> : | |
| **Defendant** | : <br> : | |
| **And** | : <br> : | |
| **NORTHLAND GROUP, INC.**<br>**7831 Glenroy Rd. –Suite 250**<br>**Edina, MN 55439**<br>         **Defendant** | : <br> : <br> : <br> : | |

## <u>NOTICE OF REMOVAL</u>

Defendant NORTHLAND GROUP, INC. (hereinafter referred to as "Northland"), by its undersigned counsel, hereby petitions this Court as follows, pursuant to 28 U.S.C. §1441(b):

1.　　　Northland is a defendant pending in the Commonwealth of Pennsylvania, County of Philadelphia, Civil Action No. 1603032847 (the "state court action").  A true and correct copy of the Civil Complaint in the State Court Action is attached hereto as Exhibit "A."

2.　　　Plaintiff in the State Court Action is Anthony Coloruno.  <u>See</u> Exhibit "A."

3.　　　Plaintiff's State Court Action alleges, among other things, violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, et seq.

4.      The State Court Action involves a question of Federal Law.  Pursuant to 28 U.S.C. §1441(b), "Any civil action of which the district court shall have original jurisdiction founded on a claim or right arising under…the laws of the United States shall be removable."

5.      Since this case arises out of an alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq., this Court may properly remove the State Court Action based upon 28 U.S.C. §1441(b).

6.      This Notice has been filed with the Court within thirty (30) days after purported service of the Complaint on defendant Northland.

WHEREFORE, Defendant Northland Group, Inc. prays that the State Court Action be removed from the Commonwealth of Pennsylvania, County of Philadelphia, Civil Action No. 1603032847, to this Court for proper and just determination.

April 8, 2016

HYNUM LAW
Michael A. Hynum, Esquire
Supreme Court ID # 85692
2608 North 3rd Street
Harrisburg, PA 17110
(717) 774-1357

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

E-Filing Number: 1603032847

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ANTHONY COLORUNO | CAVALRY SPV I, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 5812 JACKSON ST. PHILA<br>PHILA PA 19135 | 500 SUMMIT LAKE DR-STE 400<br>VALHALLA NY 10595 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | NORTHLAND GROUP, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 7831 GLENROY RD.-STE 250 EDINA<br>EDINA MN 55439 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
[X] $50,000.00 or less
[ ] More than $50,000.00

**COURT PROGRAMS**
[X] Arbitration        [ ] Mass Tort        [ ] Commerce        [ ] Settlement
[ ] Jury               [ ] Savings Action   [ ] Minor Court Appeal [ ] Minors
[ ] Non-Jury           [ ] Petition         [ ] Statutory Appeals  [ ] W/D/Survival
[ ] Other:

**CASE TYPE AND CODE**
1O - CONTRACTS OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

IS CASE SUBJECT TO
COORDINATION ORDER?
YES          NO

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ANTHONY COLORUNO

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| FRED E. DAVIS | 500 OFFICE CTR DR<br>SUITE 400<br>FT. WASHINGTON PA 19034 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (855) 432-8475 | (855) 435-9294 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 93907 | freddavis04@aol.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| FRED DAVIS | Monday, March 14, 2016, 12:03 pm |

**EXHIBIT**
A

PRELIMINARY COPY (For Approval by the Prothonotary Clerk)

Fred Davis, Esquire
Identification No. 93907
DAVIS CONSUMER LAW FIRM
500 OFFICE CTR DR-STE 400
FT. WASHINGTON, PA 19034
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

ATTORNEY FOR PLAINTIFF

THIS IS AN ARBITRATION MATTER.
ASSESSMENT OF DAMAGES
HEARING IS REQUESTED.

| | |
|---|---|
| ANTHONY COLORUNO<br>5812 Jackson St.<br>Phila, PA<br>19135<br><br>*Plaintiff*<br><br>v.<br><br>CAVALRY SPV I, LLC<br>500 Summit Lake Dr-Ste 400<br>Valhalla, NY<br>10595<br><br>*Defendant*<br><br>*And*<br><br>NORTHLAND GROUP, INC.<br>7831 Glenroy Rd.-Ste 250<br>Edina, MN<br>55439<br><br>*Defendant* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br>CIVIL ACTION<br><br><br>DOCKET NO.: |

NOTICE TO DEFEND
CODE: 1900

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.
You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO

NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA COUNTY BAR ASSOCIATION-LAWYER REFERRAL& INFO SERVICE

Philadelphia Bar Association
1101 Market Street, 11th Floor
Phila, PA 19107
Phone: (215) 238-6300
Fax: (215) 238-1159

AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de ia fecha de la demanda y ia notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

SERVICIO DE REFERENCIA LEGAL
Colegio de Abogados de Philadelphia
1101 Market Street, 11th Floor
Phila, PA 19107
Phone: (215) 238-6300
Fax: (215) 238-1159

Fred Davis, Esquire
Identification No. 93907
DAVIS CONSUMER LAW FIRM
500 OFFICE CTR DR-STE 400
FT. WASHINGTON, PA 19034
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

ATTORNEY FOR PLAINTIFF

THIS IS AN ARBITRATION MATTER.
ASSESSMENT OF DAMAGES HEARING IS
REQUESTED.

| | |
|---|---|
| ANTHONY COLORUNO<br>5812 Jackson St.<br>Phila, PA<br>19135<br><br>*Plaintiff*<br><br>v.<br><br>CAVALRY SPV I, LLC<br>500 Summit Lake Dr-Ste 400<br>Valhalla, NY<br>10595<br><br>*Defendant*<br><br>*And*<br><br>NORTHLAND GROUP, INC.<br>7831 Glenroy Rd.-Ste 250<br>Edina, MN<br>55439<br><br>*Defendant* | COURT OF COMMON PLEAS<br><br>PHILADELPHIA COUNTY<br><br><br><br><br><br>CIVIL ACTION |

## COMPLAINT

1.      Plaintiff, ANTHONY COLORUNO, is an adult individual citizen and legal resident of the State of Pennsylvania, living at 5812 Jackson St. , Phila, Pa 19135.

2.      Defendant, CAVALRY SPV I, LLC, is a business corporation qualified to and regularly conducting business in, the Commonwealth of Pennsylvania, with its legal residence and principal place of business at 500 Summit Lake Dr-Ste 400,

Valhalla, NY, 10595. Defendant can be served at that address.

3.      Defendant, NORTHLAND GROUP, INC., is a business corporation qualified to and regularly conducting business in, the Commonwealth of Pennsylvania, with its legal residence and principal place of business 7831 Glenroy Rd.- Ste 250, Edina, MN, 55439. Defendant can be served at that address.

4.      Plaintiff aver that at all times material hereto, Defendant acted by and through its authorized agents, servants, officers, and/or employees, including Defendant, all of whom were acting within the scope of their employment.

## JURISDICTION AND VENUE

5.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction".

6.      Defendants regularly conduct business in the State of Pennsylvania and in the County of Philadelphia, therefore, personal jurisdiction is established.

7.      Venue is proper in Philadelphia County pursuant to Pennsylvania Rules of Civil Procedure 1006 and 2179.

8.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9.      Plaintiff is a natural person residing in Phila, PA.

10.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), as the debt alleged to have been incurred is comprised of purchases of

household goods and services.

11.     Defendant, CAVALRY SPV I, LLC, is a company handling debt collection matters with headquarters located at 500 Summit Lake Dr-Ste 400, Valhalla, NY, 10595. Defendant identifies as a "debt collector" in correspondence and marketing materials, court filings, and its core business consists primarily of collecting consumer related debts from individuals.

12.     Defendant, NORTHLAND GROUP, INC., is a company handling debt collection matters with headquarters located 7831 Glenroy Rd.-Ste 250, Edina, MN, 55439. Defendant identifies as a "debt collector" in correspondence and marketing materials, court filings, and its core business consists primarily of collecting consumer related debts from individuals.

13.     Defendants are debt collectors as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff.

14.     Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15.     On or about October 8, 2015, Defendant Northland Group Inc. sent Plaintiff a letter which also sought to collect a debt allegedly issued by "HSBC BANK OF NEVADA/CAPITAL ONE BANK" with the last four digits of the account number ending in "1607" and for which the alleged "past due account balance" was $1,146.11. Defendant Northland Group Inc.'s letter stated that the current creditor was "Cavalry SPV I, LLC" . *See Exhibit "A"*.

16.    Defendant Northland Group Inc.'s letter further stated that Cavalry SPV I, LLC was "willing to reduce your balance by offering you a settlement". *Id.* Defendant Northland Group Inc.'s letter further stated that "this letter is being sent to you by Northland Group Inc., a debt collector and member of ACA International". *Id.*

17.    Plaintiff alleges and avers that Defendants violated 15 U.S.C. §1692(c)(a)(1) and (d), by making or being caused to be made repeated and continuous phone calls to Plaintiff and unrelated third-parties attempting to collect the alleged "debt" at irregular times, and by failing to identify itself during said calls.

18.    Plaintiff alleges and avers that Defendants violated 15 U.S.C. §1692(e), by reporting false credit information about Plaintiff via omission, by failing to notify the relevant credit bureaus of the actual amount of the alleged debt, sans illegal interest and fees imposed by Defendant, and by failing to report the correct dates of default, last payment, etc.

19.    Plaintiff alleges and avers that Defendants violated 15 U.S.C. §1692(f), by seeking to collect an amount not authorized by law or contract, because a significant amount of the alleged debt is comprised of unlawful interest, fees and costs.

20.    Plaintiff alleges and avers that Defendants further misrepresented the nature and legal status of the alleged debt, and violated 15 U.S.C. §1692(e), because the absence of actual proof of any assignment of the alleged account from HSBC BANK OF NEVADA/CAPITAL ONE BANK to Defendant Cavalry SPV I, LLC demonstrates that there is no legal basis for Defendants to collect the alleged debt.

21.    Plaintiff alleges and avers that Defendants violated 15 U.S.C. §1692(f), by seeking to collect an amount not authorized by law or contract, because

Defendant Cavalry SPV I, LLC has no legal standing to collect any alleged debt from Plaintiff, nor, by extension does Defendant NORTHLAND GROUP, INC..

22.     Plaintiff further alleges and avers that Defendant Northland Group Inc.'s use of the terms "being sent to you by a debt collector and member of ACA International" is a violation of 15 U.S.C. §1692(e) and (f), because it employs the use of language or symbols on an envelope other than Defendants' business name and is arguably an attempt to confuse Plaintiff into thinking the alleged debt is authentic by affiliation with "ACA International". *See Exhibit "B"*.

23.     Plaintiff further alleges and avers that Defendants' failure to provide proper validation of the alleged debt within the time required by law is a violation of 15 U.S.C. §1692c.

24.     Plaintiff alleges and avers that Defendant Cavalry Portfolio Services misrepresented the legal status of the alleged debt, by failing to inform Plaintiff that any payment or written acknowledgement of the alleged debt would re-start the statute of limitations and thereby renew his exposure to civil litigation. *See Exhibit "A"*. Plaintiff alleges and avers this is in violation of violated 15 U.S.C. §1692(e).

25.     Plaintiff alleges and avers that Defendants use of an incorrect address for its correspondence is an attempt to humiliate Plain tiff and an improper disclosure of Plaintiff's personal and financial information. Plaintiff alleges and avers this is in violation of 15 U.S.C. §1692c(b).

## COUNT I
## THE FAIR DEBT COLLECTION PRACTICES ACT
## AS TO BOTH DEFENDANTS

26.     In its actions to collect a disputed debt, Defendants violated the FDCPA in one or more of the following ways:

a.   Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692(d).

b.   Using misrepresentations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692(e)(10).

c.   Using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692(f).

d.   Attempting to collect an amount not authorized by contract or law in violation of 15 U.S.C. §1692(f).

e.   By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, ANTHONY COLORUNO, respectfully prays for a judgment as follows:

a.   All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692(k)(a)(1);

b.   Statutory damages of $1,000.00 for the aforementioned violation(s) of the FDCPA pursuant to 15 U.S.C. § 1692(k)(a)(2)(A);

c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693(k)(a)(3); and

Any other relief deemed appropriate by this Honorable Court.

## COUNT II
## PENNSYLVANIA UNFAIR TRADE AND CONSUMER PROTECTION LAW
## AS TO BOTH DEFENDANTS

27.   Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

28.   Plaintiff is a "Person" as defined by 73 P.S. §201-2(2). Plaintiff is

a "Person" as defined by 73 P.S. §201-2(2). Section 201-9.2(a) of the Act authorizes a private cause of action for any person "who purchases or leases goods or services primarily for personal, family or household purposes."

29.     Defendant are "Person(s)" as defined by 73 P.S. §201-2(2).

30.     Defendants are "Person(s)" as defined by 73 P.S. §201-2(2), who regularly engage in "trade or commerce" in the State of Pennsylvania and the County of Philadelphia, and are thus amenable to jurisdiction and claims by Philadelphia/Pennsylvania "persons" under the Act.

31.     In addition, the Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 P.S. §201-2(4), defines "unfair or deceptive acts or practices" to include the following conduct:

(ii).     Causing likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of goods or services;

(xvii). Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

32.     Defendants' conduct surrounding its attempt to collect the alleged debt falls within the aforementioned definitions of "fraudulent and/or unfair or deceptive acts or practices", by trying to collect an alleged debt which Defendant knew was illegitimate, comprised of ambiguous and unlawful interest charges.

33.     Plaintiff avers that Defendants have violated these as well as other provisions, of the UFTPA, 73 P.S. §201-2 *et seq,* and Plaintiff has suffered damages as aforesaid and hereby demand the full measure of their recovery pursuant to the claims asserted under UFTPA, and brings this action to recover same.

34.     Such damages, "actual damages", include but are not limited to; the diminution in value of Plaintiff's credit rating and/or statutory damages of $100.00, plus all collateral charges; consequential damages; incidental damages; attorney fees and costs, as well as other expenses. The Act authorizes the Court to award up to three (3) times the actual damages sustained for violations. Plaintiff seeks these enhanced treble damages from Defendants.

DAVIS CONSUMER LAW FIRM

By:     /s/
        Fred Davis-PA ID# 93907
        Attorney for Plaintiff, ANTHONY COLORUNO
        500 Office Center Drive-Suite 400
        Ft. Washington, PA    19034
        Tel – 1-855-432-8475/Facsimile-1-855-435-9294
        Email: fdavis@usacreditlawyer.com

## VERIFICATION

Fred Davis, states that he is the attorney for the Plaintiff herein; that he is acquainted with the facts set forth in the foregoing Complaint; that same are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the Penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to authorities.

DAVIS CONSUMER LAW FIRM

By:   /s/_____

Fred Davis-PA ID# 93907
Attorney for Plaintiff, ANTHONY COLORUNO
500 Office Center Drive-Suite 400
Ft. Washington, PA   19034
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

 **Northland Group Inc.**



P.O. Box 390846
Minneapolis, MN 55439
Mail Code CVR79

866-641-6872 ext 3509
For Hours of Operation, please visit us at:
www.payments2northland.com

October 8, 2015

ACCOUNT INFORMATION
Current Creditor: Cavalry SPV I, LLC
Previous Creditor: HSBC Bank Nevada, N.A./Capital One Bank
USA, N.A.
Original Account #: ***********1607

Anthony L Coloruno
232 Ross Rd
King Of Prussia, PA  19406

NORTHLAND REFERENCE NUMBER

F61123672



Your past due account balance: $1,146.11
Your settlement offer: $825.18

Dear Anthony L Coloruno,

The above referenced Cavalry SPV I, LLC account has been assigned to Northland Group, Inc. for collection. Cavalry SPV I, LLC is willing to reduce your balance by offering you a settlement. We are not obligated to renew this offer. Upon receipt and clearance of $825.18, a letter will be sent confirming the above referenced account has been resolved. This offer does not affect your rights set forth below.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Thank you,

Northland Group, Inc.

"A"   1 of 2



Pay Online: www.payments2northland.com



Pay by Phone: Please call Northland Group, Inc. at 866-641-6872 ext 3509.
We offer check by phone, Western Union, and credit card.



Pay by Mail: Send payments to PO Box 390846, Minneapolis, MN 55439.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.
This communication is sent to you by Northland Group, Inc., a debt collector and a member of ACA International.

''A ''   2 / 2

3A-1008_3_3A_2 16394



Davis Consumer Law Firm
850 Office Center Drive, Suite 100
Fort Washington, PA 19034

7015 1520 0000 7760 7229

CERTIFIED MAIL

USPS

1000

55459

# CERTIFICATE OF SERVICE

I, MICHAEL A. HYNUM, ESQUIRE, hereby certify that on this date I served a true and correct copy of the foregoing Notice of Removal electronically or by first class mail, postage prepaid, on the following:

Fred E. Davis, Esq.

500 Office Ctr. Dr.

Suite 400

Ft. Washington, PA 19034

Attorney for Plaintiff

April 8, 2016

MICHAEL A. HYNUM, ESQUIRE